Froessel, J.
(dissenting). Section 11 of the Election Law, since the enactment of chapter 542 of the Laws of 1929, has provided that the “ state committee of each party shall have power to make its own rules * * * and may provide for the equal representation of sexes from each unit. * * * *341 When, any such rule provides for the equal representation of sexes from each unit, the * * * primary ballots shall carry such party positions separately hy sexes.” (Emphasis mine.) In Matter of Burton v. Schmidt (128 Misc. 270 [1926]), among other cases, it was held that such a rule was in violation of article YTTT of our State Constitution, as it then read.
The 1938 Constitutional Convention adopted, and the People approved, an amendment to section 1 of said article, authorizing “ any committee of a political party * * * by rule ” to “ provide for equal representation of the sexes on any such committee ”. We are told that such a rule was duly adopted in this case. During the debates of said convention [New York State Constitutional Convention 1938, Revised Record, Vol. Ill, pp. 2424-2429], it was urged that the proposed amendment was intended to “ provide for equal representation of the sexes on committees ” of political parties, so that women may “ enjoy all of the privileges accorded to voters of political parties ” (p. 2426). Mrs. Helen Z. M. Rodgers, chairman of the convention’s committee on the “ Right of Suffrage and the Qualifications to Hold Office ”, to which committee this proposition was referred, stated, during a discussion in which Governor Smith participated, that where political parties do provide the rule “ as in the case of a state committee of either party, they have separate ballots for men and women ” (Yol. Ill, pp. 2427, 2428; Yol. II, pp. 994-995).
It was in this setting that the amendment was adopted. Despite the constitutional protection now afforded section 11 of the Election Law, the respondent Board of Elections has recently determined it is unnecessary that ‘ ‘ primary ballots shall carry such party positions separately by sexes ”, but rather that such ballots may carry such party positions together, irrespective of sexes. We hold that this may not be done, for to do so would not only constitute a clear violation of the statute, but would also tend to much confusion, and defeat the very object of the statute.
The recent amendment to subdivision 2 of section 104 of the Election Law (L. 1955, ch. 405) does not aid the respondents. As stated by the Joint Legislative Committee on the Election Law, in its report to the Legislature (N. Y. Legis. Doc., 1955, No. 79, pp. 38-39) its purpose Avas to clarify the law and correct the misinterpretation by some boards of election as to the *342 manner in which they shall determine by lot the order in which the names of candidates for party positions shall appear on the ballot, an issue not presented here. Moreover, as pointed out by the committee, the language of this amendment is expressly limited in operation “ for the purposes of this subdivision ”.
Nor does subdivision 6 of section 108 conflict with section 11, for they are readily reconcilable. That section (108), which was enacted long before the 1929 amendment to section 11, provides generally for the grouping of candidates for a party position where two or more are to be elected, but when party rules, authorized by article XIII of the Constitution in 1938 and by section 11 of the Election Law, provide “ for the equal representation of sexes from each unit ”, the latter section which modifies subdivision 6 of section 108 must be obeyed, and the “ primary ballots shall carry such party positions separately by sexes.” When there are no such party rules, section 108 has full application.
The order appealed from should be reversed, and the respondent Board of Elections directed to comply with section 11 of the Election Law.
Desmond, Fuld and Van Voorhis, JJ., concur with Dye, J.; Fboessel, J., dissents in an opinion in which Conway, Ch. J., and Burke, J., concur.
Order affirmed.